GEORGE S. CARDONA
United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (SBN 144524)
SARAH HEIDEL (SBN 209866)
Assistant United States Attorneys
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4536/2451
     Facsimile: (213) 894-7631
RONALD J. TENPAS
Acting Assistant Attorney General
ELINOR COLBOURN
MARY DEE CARRAWAY
Trial Attorneys
Environmental Crimes Section
Environment & Natural Resources Division
U.S. Department of Justice
     601 D. St., NW
     Washington, DC 20004
     Telephone: (202) 305-0321
     Facsimile: (202) 305-0397
Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 07-1272-ABC |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u><br>) AGAR SUPPLY CO., INC. |
| v. | ) |
| AGAR SUPPLY CO., INC. | ) |
| Defendant. | ) |

1.  This constitutes the binding plea agreement between AGAR SUPPLY CO., INC. ("defendant"), the United States Attorney's Office for the Central District of California and the Environmental Crimes Section, Environment & Natural Resources Division, U.S. Department of Justice (collectively "the United

States"), in the above-captioned case. This agreement is limited to the United States and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA

2. Defendant agrees to plead guilty to a one-count information in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of Count One of the Information, which charges a violation of Title 16, Section 3372(a)(1), 3373(d)(2), the following must be true:

> (a) Defendant knowingly;
> (b) received, acquired, or purchased fish;
> ©) that defendant in the exercise of due care should have known had been taken, possessed, or transported in violation of or in a manner unlawful under United States Law or regulation.

Defendant admits that defendant is, in fact, guilty of this offense as described in Count One of the Information.

## PENALTIES

4. The statutory maximum sentence that the Court can impose on a corporation for a violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(2) is: a five-year period of probation; a fine of $200,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.

5. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, revocation of probation and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

6. Defendant and the United States agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

   a) On or about December 2, 2004, the defendant, through one of its sales people, bought and received from Blue Ocean Seafood Corporation, fish for a total of approximately $12,750.00 which it later resold.

   b) Defendant ordered and received a species of fish imported from Vietnam, commonly known as basa or Vietnamese catfish (scientific name *Pangasius hypophthalmus*).

   c) The fish had been imported from Vietnam falsely labeled as sole, in violation of Title 16, United States Code, Section 3372(d) (prohibiting the making or submitting of a false label for fish), and Title 18, United States Code, Section 541

3

(prohibiting the entry of merchandise by a payment of less than the amount of duty legally due), among other statutes.

   d) Defendant, in the exercise of due care should have known that the fish was falsely labeled as some other species, specifically sole, and thus had been imported contrary to United States laws.

## WAIVER OF CONSTITUTIONAL RIGHTS

7. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite its plea of guilty, it retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right, if defendant wished, to present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

1  g) The right, if defendant chose not to present
2  evidence, to have that choice not be used against defendant.
3      By pleading guilty, defendant also gives up any and all
4  rights to pursue any affirmative defenses, Fourth Amendment or
5  Fifth Amendment claims, and other pretrial motions that have been
6  filed or could be filed.

### WAIVER OF DNA TESTING

8. Defendant has been advised that the government has in its possession physical evidence that could be subjected to DNA testing, specifically, fish. Defendant understands that the government has previously submitted samples of said fish for DNA testing as reflected in test results produced in discovery in the above-captioned case, and does not intend to conduct any further DNA testing of those items or any other items. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant may have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant knowingly and voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right,

defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

## SENTENCING FACTORS

9. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") but may depart from those guidelines under some circumstances.

10. There is no agreement as to defendant's criminal history or criminal history category.

11. Defendant and the United States agree and recommend that under U.S.S.G. § 8D1.2, a term of probation of one year is appropriate. The United States and defendant agree to further recommend to the Court a single special condition of probation that Agar Supply Company take out the attached full page advertisement in a seafood industry publication of wide circulation.

12. The United States and the defendant recognize that the Sentencing Guidelines are not applicable to determine a fine

amount in this case. U.S.S.G. §§ 8C2.1, 2.10. The United States and defendant agree to recommend to the Court a fine of $5,000, payable to the Magnuson-Stevens NOAA Fisheries Enforcement Fund, established under Title 16, United States Code, Section 1861(e). Defendant agrees to pay a special assessment of $125.

13. The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement. Both defendant and the United States are free to (a) supplement the facts by supplying relevant information into the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

14. Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement. The United States may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement.

DEFENDANT'S OBLIGATIONS

15. Defendant agrees that it will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

7

c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, and (ii) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

16. Defendant further agrees to cooperate fully with the USAO, the National Marine Fisheries Service, and, as directed by the United States, any other federal, state, or local or foreign law enforcement agency. This cooperation requires defendant to:

a) Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b) Send a representative to attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the United States or compelled by subpoena or court order.

c) Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

8

## THE UNITED STATES'S OBLIGATIONS

17. If defendant complies fully with all defendant's obligations under this agreement, the United States agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) Not to offer as evidence in its case-in-chief in the above-captioned case or any other prosecution that may be brought against defendant by the United States, or in connection with any sentencing proceeding in any case that may be brought against defendant by the United States, any statements made by defendant or documents, records, or tangible evidence provided by defendant pursuant to this agreement. Defendant agrees, however, that the United States may use such statements, documents, records, and tangible evidence: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any prosecution of defendant, (2) to cross-examine defendant should defendant testify, or to rebut any evidence, argument or representations made by defendant or a witness called by defendant in any trial, sentencing hearing, or other court proceeding, and (3) in any prosecution of defendant for false statement, obstruction of justice, or perjury.

c) Not to use any information provided by defendant pursuant to this agreement against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, and to recommend to the Court that such information not be used in

determining the sentence to be imposed. Defendant understands, however, that information provided by defendant pursuant to this agreement will be disclosed to the probation office and the Court, and that the Court may use this information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

      d)   In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

    18. The United States agrees to bring no additional fish and wildlife criminal charges in the Central District of California against the defendant relating to or arising from the offenses charged in this Information, based on evidence presently known to the United States.

<h3 style="text-align:center">BREACH OF AGREEMENT</h3>

    19. If defendant, at any time between the execution of this agreement and the completion of defendant's cooperation pursuant to the agreement knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached. For example, if the defendant knowingly in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes its own role, or the role of another, in criminal conduct, it will have breached this agreement. If the United States declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able

to withdraw defendant's guilty plea, and the United States will be relieved of all of its obligations under this agreement. In particular:

    a)   The United States will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty.

    b)   The United States will no longer be bound by any agreements regarding criminal prosecution, and will be free to prosecute defendant for any crime, including charges that the United States would otherwise have been obligated to dismiss pursuant to this agreement.

    c)   The United States will be free to prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

    d)   The United States will no longer be bound by any agreement regarding the use of statements, documents, records, tangible evidence, or information provided by defendant, and will be free to use any of those in any way in any investigation, prosecution, or civil or administrative action. Defendant will not be able to assert either (1) that those statements, documents, records, tangible evidence, or information were obtained in violation of the Fifth Amendment privilege against compelled self-incrimination, or (2) any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules

of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements, documents, records, tangible evidence, or information provided by defendant before or after the signing of this agreement, or any leads derived therefrom, should be inadmissible.

20. Following a knowing and willful breach of this agreement by defendant, should the United States elect to pursue any charge that was dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution [or action], except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 12 above. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered

12

evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of probations imposed by the Court.

22. The United States gives up its right to appeal any sentence imposed by the Court, provided that the sentence is that agreed to in paragraph 12 above.

## COURT NOT A PARTY

23. The Court is not a party to this agreement and need not accept any of the United State's sentencing recommendations or the parties' stipulations.

## NO ADDITIONAL AGREEMENTS

24. Except as set forth herein, there are no promises, understandings or agreements between the United States and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant's duly authorized representative and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
United States Attorney

_____  11/21/07
Joseph O. Johns              Date
Assistant United States Attorney


RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____/for/ M.D.C.     11/21/07
MARY DEE CARRAWAY            Date
Trial Attorney

*PER AUTHORIZATION GRANTED VIA EMAIL 11/20/07 (JOHNS)*

The undersigned corporate officer or representative of defendant hereby certifies that he is authorized by the defendant corporation to act on its behalf, to plead guilty to Count One of the Information, and to enter into this plea agreement, and that a corporate resolution so empowering said officer or representative has been duly made and approved by said corporation. As defendant's duly authorized representative, I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that by entering a plea of guilty, defendant will be giving up its rights to plead not guilty, to trial to the court, to confront, cross-examine, and compel the attendance of witnesses,

14

to present evidence in its defense, and to remain silent -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

On behalf of defendant, I agree to enter its guilty plea as indicated above on the terms and conditions set forth in this agreement.

Defendant's guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. Defendant agrees to the provisions of this agreement as a voluntary act on its part, rather than at the direction of or because of the recommendation of any other person, and agrees to be bound according to its provisions.

Defendant understands that, if it is granted probation by the court, the terms and conditions of such probation are subject to modification by the court at any time. Further, if it violates any of the conditions of its probation, its probation may be revoked and upon such revocation its sentence may be altered.

Defendant agrees that this written plea agreement contains all the terms and conditions of its plea and that promises made by anyone (including its attorney), that are not contained within this written plea agreement are without force and effect and are null and void.

Defendant is satisfied that its defense attorney has represented it in a competent manner.

15

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

_____ Executive VP      11/15/07
Authorized Representative of Defendant    Date

I am Agar Supply Co., Inc.'s attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of its rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____                   11-15-07
Frank Libby Jr.                           Date
Counsel for Defendant
Agar Supply Co., Inc.

16

FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>AGAR SUPPLY CO., INC.<br><br>   Defendant. | CR 07- 07-01272<br><br>**I N F O R M A T I O N**<br><br>[16 U.S.C. §§ 3372(a)(1),<br>3373(d)(2): Wildlife<br>Trafficking]<br><br>Class A Misdemeanor |

The United States Attorney charges:

   [16 U.S.C. §§ 3372(a)(1), 3373(d)(2)]

On or about December 2, 2004, defendant AGAR SUPPLY CO., INC., knowingly received, acquired, and purchased fish imported from Vietnam, specifically *Pangasius hypophthalmus*, commonly known as basa or Vietnamese catfish, for approximately $12,750.00, when defendant should have known in the exercise of due care that the fish had been taken, possessed, transported, and sold in violation of United States law, specifically Title

//
//
//
//

JOJ:joj

18, United States Code, Sections 541, 542 and 545, and Title 21, United States Code, Sections 331(c), 333(c)(2), and 343(a)(1), in that the fish was falsely labeled as sole to avoid detection by authorities as being a fish subject to tariff duties.

GEORGE S. CARDONA
Acting United States Attorney

*[signature]* Deputy Chief, Criminal Division, for

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


MARY DEE CARRAWAY
Trial Attorney
ELINOR COLBOURN
Senior Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Crimes Section


JOSEPH O. JOHNS
Chief, Public Integrity and Environmental Crimes Section
SARAH HEIDEL
Assistant United States Attorney
Public Integrity and Environmental Crimes Section

CERTIFICATE OF SERVICE

I, __Sandy Ear__, declare:

That I am a citizen of the United States that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of California, at whose direction the service by mail described in this Certificate was made; that on November 21, 2007, I deposited in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope,

a copy of: **PLEA AGREEMENT FOR DEFENDANT AGAR SUPPLY CO., INC.**

addressed to:   Frank A. Libby, Jr.
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110

at his last known addresses, at which place there is a delivery service by United States mail.

This Certificate is executed on November 21, 2007, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct and resident or employed in Los Angeles County, California.

_/s/ Sandy Ear_
SANDY EAR